IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

Lion Oil Company,

    Plaintiff,

v.

National Union Fire Insurance Company of Pittsburgh, PA, Great Lakes Reinsurance UK PLC, ACE American Insurance Company, XL Insurance America, Inc., Certain Underwriters at Lloyds (Talbot Syndicate 1183), Torus Specialty Insurance Company, Certain Underwriters at Lloyds (Navigators Syndicate at Lloyds 1221 and Pembroke Syndicate at Lloyds 4000), Certain Underwriters at Lloyds (SJC 2003/Catlin), Certain Underwriters at Lloyds (Brit Insurance, Syndicate 2987), Certain Underwriters at Lloyds (Chaucer Marine Syndicate 1084), Berkshire Hathaway International Insurance Limited, Arch Insurance Company, Lexington Insurance Company, Ironshore Specialty Insurance Company, Landmark American Insurance Company,

    Defendants

Civil Action No. 1:13-cv-01071-SOH

---

**MEMORANDUM IN SUPPORT OF INSURERS' MOTION *IN LIMINE* #4 TO EXCLUDE THE OPINIONS OF TOM DOLLAR**

---

### I.   INTRODUCTION

After the close of discovery, Lion Oil obtained a sweeping declaration of AIG's former employee Tom Dollar, which included statements that were inconsistent with the coverage positions he approved as AIG's claims handler and statements suggesting he may have disclosed attorney-client privileged information to Lion Oil's counsel. Lion Oil now seeks to have Tom

Dollar testify at trial, presumably on the topics outlined in his declaration.

His anticipated testimony should be precluded on four grounds. First, as a *former* employee of AIG, any testimony that is inconsistent with his work performed at the time he was an AIG claims handler is not binding on AIG. Tom Dollar no longer has the authority to act on behalf of AIG, much less any of the other Insurers for which he never worked. As such, Tom Dollar's inconsistent coverage opinions are irrelevant and unduly prejudicial to the Insurers. Second, as a claims director, Tom Dollar's responsibilities were limited to post-loss claims handling, and he lacks personal knowledge of pre-loss policy placement issues, including the parties' intent in contracting for certain coverages. Third, any information he provides about the placement issues further violates federal hearsay rules because it could only have been acquired through the statements expressed by others. Lastly, Tom Dollar's potential testimony on coverage and subrogation issues may potentially disclose protected attorney-client communications, which cannot be cured by a post-testimony limiting instruction.

## II.   BACKGROUND

The deadline for completing discovery expired on November 20, 2014. (Scheduling Order, Doc. No. 56, p. 1.) The deadline for initial expert disclosures was October 3, 2014, and the deadline for rebuttal expert disclosures was December 12, 2014. (Amended Scheduling Orders, Doc. Nos. 64 and 67.)  Lion Oil did not disclose Tom Dollar as an expert. (Amended Pre-Trial Disclosures, Doc. No. 134, p. 9.)

On or about May 18, 2015, Lion Oil drafted and provided to Tom Dollar a declaration with opinions that are inconsistent with the Insurers' coverage position. (May 18, 2015 Decl. of Tom Dollar, attached as Ex. A to Aff. of William A. Webster ("Dollar Decl.").) Based on his post-discovery declaration, Insurers expect Lion Oil will attempt to elicit testimony at trial of

impermissible opinions on the following topics:

- Lion Oil's reasons and intent for purchasing additional insurance coverage;
- Defendant AIG's awareness and understanding at the time of placement;
- Whether sub-limits can be combined;
- The Period of Indemnity and Service Interruption provisions; and
- The alleged subrogation demand on Exxon Mobil.

(Dollar Decl., ¶¶ 6-12.)

### III. ARGUMENT

#### A. Tom Dollar Should Be Prohibited From Testifying on Any Opinions Inconsistent with the Insurers' Stated Coverage Positions or Denial

In his sworn declaration, Tom Dollar states he was the former complex claims director for AIG and left the company on April 2, 2014. (Dollar Decl., ¶ 2.) As a former employee at AIG, he has no power to bind or speak on behalf of AIG—or any of the other Insurers. Arkansas courts have held that a former employee of a corporation has no authority to make admissions or speak on behalf of the corporation as an agent of a party. *Swink & Co. v. Carroll McEntee & McGinley, Inc.*, 584 S.W.2d 393, 399 (Ark. 1979). Rather, the acts of an adjuster or other claims representative are binding on the insurance company only if acting within the scope of his or her authority. 16A *Appleman Ins. L. & P.* § 9369 (2015).

As the former claims director for AIG, Tom Dollar authorized and specifically endorsed three separate coverage position letters, on behalf of AIG, sent by the Insurers' independent adjuster William Kramer & Associates. (July 19, 2013, Sept. 12, 2013, and Sept. 27, 2013 WKA Letters, attached as Ex. B to Aff. of William A. Webster.) Tom Dollar had been acting in the course and scope of his apparent authority at the time of their issuance, but he no longer has the authority to bind AIG or speak on its behalf as a former employee of the company. Any testimony he provides at trial that is inconsistent with the coverage positions and denials in WKA's letters is not authorized and cannot be made on behalf of AIG. As a result, any opinion

61068233.2      3

or statements at trial that are inconsistent with the coverage positions and denials should not be admissible at trial as unauthorized and irrelevant.

Tom Dollar's declaration outlines at least two of the potential inconsistent opinions that he is likely to offer at trial, including:

- The coverage sub-limits for Contingent Business Interruption, Extra Expense, Service Interruption, Civil Authority, and Ingress/Egress can be combined; and
- The Service Interruption provision may apply to Lion Oil's loss.

(Dollar Decl., ¶¶ 11-12). These opinions are directly contrary to the Insurers' coverage positions and denial. (July 19, 2013, Sept. 12, 2013, and Sept. 23, 2013 WKA Letters, attached as Ex. B to Aff. of William A. Webster.) As a former employee of AIG, however, he is not authorized to now take a position that the sub-limits can be combined or that the Service Interruption provision is applicable because those positions are inconsistent with his prior opinions or approved statements on behalf of AIG. Further, Tom Dollar's statements have no bearing on the opinions or positions of any of the other Insurers for which he never worked. The subtleties relating to the legal effect of Tom Dollar's testimony on the other Insurers with differing percentage participation rates will be lost on the jury, leading them to assume that he speaks for all Insurers. These issues should be addressed now, and not as a matter of cross examination, because it will be unduly prejudicial for the jury to hear these new opinions, which the jury may interpret as an admission of the insurers. Fed. R. Evid. 403.

**B.   Tom Dollar Should Be Prohibited From Testifying as An Expert**

To the extent Lion Oil attempts to argue that Tom Dollar can testify at trial as an expert, his anticipated testimony is prohibited in its entirety because Lion Oil never designated him as an expert. (Lion Oil's Initial and Rebuttal Expert Disclosures, attached as Ex. C to Aff. of William A. Webster.) Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any witness they may use at trial to present expert opinion testimony and provide a written report or

statement of the subject matter on which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(A), (B), (C). If a party fails to provide any information or witness pursuant to Rule 26(a)(2), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The advisory note for Rule 37(c)(1) explains that "[t]his automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion." Fed. R. Civ. P. 37(c)(1) Advisory Committee's note.

Lion Oil did not disclose Tom Dollar as an expert and the consequence of its decision is absolute—Tom Dollar cannot testify as an expert. There is no basis for arguing that the failure was substantially justified or harmless, because Lion Oil included Tom Dollar as a fact witness in its Amended Pre-Trial Disclosures and it could have, but chose not to, disclose him as a potential expert. (Amended Pre-Trial Disclosures, Doc. No. 134, p. 9.) Thus, Insurers respectfully request that the Court prohibit Tom Dollar from testifying as an expert.

### C. Tom Dollar's Anticipated Testimony on Placement Issues Lacks Foundation and Is Inadmissible Hearsay

Tom Dollar should not be permitted to testify about facts or circumstances occurring at the time of contracting. It is anticipated that Lion Oil will call Tom Dollar at trial to provide testimony about placement issues. He cannot testify as to Lion Oil's reasons for purchasing additional coverage, however, or the awareness and understanding of AIG's underwriters because he has no personal knowledge of these matters. Federal Rule of Evidence 602 mandates that a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

In his sworn declaration, Tom Dollar explains he was a complex claims director with

Defendant AIG and was assigned the Lion Oil claim several weeks *after* Lion Oil reported its loss to the Insurers. (Dollar Decl., ¶ 2.) He did not purport to serve in any role or capacity as an underwriter for AIG or have personal knowledge of any specialized information on issues related to AIG's relationship with its brokers, the placement of the Lion Oil Policies, or the intent of either one of the parties at the time of contracting. In fact, Tom Dollar admits in his declaration he did not have personal knowledge of these issues and he "looked into" and "learned upon further inquiry" information about the placement of the Policies. (Dollar Decl., ¶ 8.)

Despite his lack of personal knowledge Tom Dollar now opines:

- Lion Oil obtained contingent time element coverage with the intent of insuring against future shutdowns of the Exxon Mobil pipeline;
- AIG was aware at the time the Policies were obtained that there had been previous ruptures of the Exxon Mobil pipeline, that the Pipeline and Hazardous Materials Safety Administration was closely monitoring Exxon Mobil's actions, and that a rupture could result in a lengthy shutdown of the pipeline; and
- AIG understood at the time the Policies were obtained that the period of time to restart the pipeline would include the time to replace damaged sections, test the line for similar issues, and obtain necessary approvals and re-fill the line with oil.

(Dollar Decl., ¶¶ 6, 8-10.) These opinions all relate to the intent, awareness, or understanding of Lion Oil and AIG at the time of placement of the Policies. As a complex claims director, Tom Dollar was not involved in the negotiations surrounding the placement of the Policies and does not have the requisite personal knowledge as to the conversations that took place between Lion Oil's representatives and Insurers' underwriters. Similarly, he does not have personal knowledge as to the reasons that Lion Oil obtained contingent time element coverage or to the awareness or understanding of the Insurers at the time of placement. Therefore, Tom Dollar's opinions are inadmissible under Rule 602.

Further, the same opinions are also inadmissible hearsay. Federal Rule of Evidence 801(c) defines hearsay as a statement that: "(1) the declarant does not make while testifying at the

current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Without personal knowledge, Tom Dollar's statements regarding Lion Oil's intent and AIG's awareness and understanding can only be based on the opinions or statements of others. Tom Dollar has not identified the origin of such information and will be offering it for the truth of the matter asserted because it potentially relates to the parties' intent at the time of contracting.

### D. Tom Dollar Should Be Prohibited from Testifying to Prevent the Disclosure of Privileged Information to the Jury

The substance of Tom Dollar's declaration and the circumstances surrounding its acquisition raise serious concerns about the potential disclosure of attorney-client protected information in front of the jury. Arkansas law and the rules of professional conduct in every state prohibit counsel from eliciting attorney-client protected information from a former employee of a party in litigation.[1] As a result, there is a sizeable danger of irreparable injury if the Court allows Lion Oil to elicit privileged information throughout the course of Tom Dollar's testimony.

The substance of Tom Dollar's declaration suggests he may have disclosed attorney-client privileged information to Lion Oil's counsel and may do so in front of the jury. For example, Tom Dollar's declaration specifically indicates that he discussed with Lion Oil whether or not he had subrogation discussions, which are inherently legal in nature. (Dollar Decl., ¶ 7.) Although

---

[1] Assuming *arguendo*, Arkansas Rule of Professional Conduct 4.2 permits ex parte communications with a former employee of a corporate defendant, the conduct is not without limitation. Comment 7 to Arkansas's Rule 4.2 provides that counsel is specifically prohibited from using methods of obtaining evidence that violate the legal rights of the organization when communicating with a former constituent of an organization. In *Carnell v. Arkansas Elder Outreach of Little Rock, Inc.*, the Arkansas Court of Appeals held that Rule 4.2 precluded opposing counsel from discussing matters concerning attorney-client communications with former employees. 425 S.W.3d 787, 790 (Ark. Ct. App. 2012). Lion Oil asserts its undisclosed ex parte contact with AIG's former employee was allowable under Arkansas Rule of Professional Conduct 4.2 because there is no bright line rule in Arkansas preventing its conduct. (Lion Oil's Reply in Supp. of Mot. to Quash, Doc. No. 125.) The Insurers reserve the right to assert that South Carolina law, which specifically prohibits contact with a former employee of a corporate party defendant, governs the propriety of Lion Oil's contact with Tom Dollar as the *lex loci delicti*. Both Arkansas and South Carolina law, however, prohibit eliciting attorney-client privileged information from a former employee.

carefully drafted, the declaration skirts dangerously close to attorney-client privileged communications. If Lion Oil elicited protected communications, even inadvertently, allowing those communications to be disclosed at trial could have irreparable and detrimental impact on the proceedings, causing prejudice to the Insurers and potentially resulting in a mistrial. A limiting instruction under Federal Rule of Evidence 105 will not prevent or cure the potential prejudice because any disclosure of protected information in of itself will essentially defeat the attorney-client privilege. Therefore, any and all of Tom Dollar's opinions relating to subrogation and coverage positions are inadmissible and should be prohibited.[2]

## IV. CONCLUSION

Insurers respectfully request that the Court exclude any of Tom Dollar's inconsistent post-employment opinions because, as a former employee of AIG, he is not authorized to make statements or admissions on behalf of AIG or any other Insurer. These new opinions are irrelevant to the trial and unduly prejudicial to the Insurers as a whole. Additionally, Tom Dollar's opinions relating to policy placement issues are inadmissible because he lacks personal knowledge as a former claims director with responsibilities in post-loss situations, and his statements are based on hearsay. Lastly, Tom Dollar's opinions on coverage and subrogation issues are inadmissible because eliciting such information in front of the jury creates the danger of mistrial through potential disclosure of privileged information.

---

[2] If permitted to testify, Insurers request an opportunity to voir dire Tom Dollar outside the presence of the jury to assess the propriety of his testimony and prevent the disclosure of privileged information.

**ROBINS KAPLAN LLP**

By: /s/ William A. Webster
William A. Webster (*Pro Hac Vice*)
Amy M. Churan (*Pro Hac Vice*)
Charles M. Cannizzaro (*Pro Hac Vice*)
2049 Century Park East, 34th Floor
Los Angeles, CA 90067
Tel: (310) 552-0130
Fax: (310) 229-5800
WWebster@RobinsKaplan.com
AChuran@RobinsKaplan.com
CCannizzaro@RobinsKaplan.com

**FRIDAY, ELDREDGE & CLARK LLP**

James M. Simpson, AR #77125
400 West Capital, Suite 2000
Little Rock, AR 72201-3522
Tel: (501) 370-1520
Fax: (501) 376-2147
simpson@fridayfirm.com

Attorneys for Defendants National Union Fire Insurance Company of Pittsburgh, PA, Great Lakes Reinsurance UK PLC, ACE American Insurance Company, XL Insurance America, Inc., Certain Underwriters at Lloyds (Talbot Syndicate 1183), Torus Specialty Insurance Company, Certain Underwriters at Lloyds (Navigators Syndicate at Lloyds 1221 and Pembroke Syndicate at Lloyds 4000), Certain Underwriters at Lloyds (SJC 2003/Catlin), Certain Underwriters at Lloyds (Brit Insurance, Syndicate 2987), Certain Underwriters at Lloyds (Chaucer Marine Syndicate 1084), Berkshire Hathaway International Insurance Limited, Arch Insurance Company, Lexington Insurance Company, Ironshore Specialty Insurance Company, Landmark American Insurance Company

## CERTIFICATE OF SERVICE

I, William A. Webster, hereby certify that on September 14, 2015, a copy of the foregoing **MEMORANDUM IN SUPPORT OF INSURERS' MOTION *IN LIMINE* #4 TO EXCLUDE THE OPINIONS OF TOM DOLLAR** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the following counsel of record:

**Julie DeWoody Greathouse**
PPGMR Law, PLLC
P.O. Box 251618
Little Rock, AR 72225
E-mail: julie@ppgmrlaw.com

**Kimberly D. Logue**
PPGMR Law, PLLC
101 Morgan Keegan Drive, Suite "A"
P.O. Box 251618
Little Rock, AR 72225
E-mail: Kim@ppgmrlaw.com

**Peter M. Gillon**
**Geoffrey J. Greeves**
**Vernon C. Thompson**
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth St., NW
Washington, D.C. 20036-3006
E-mail: peter.gillon@pillsburylaw.com
geoffrey.greeves@pillsburylaw.com
vernon.thompson@pillsburylaw.com

**Vincent E. Morgan**
Pillsbury Winthrop Shaw Pittman LLP
909 Fannin, Suite 2000
Houston, TX 77010
E-mail: vince.morgan@pillsburylaw.com

Dated: September 14, 2015                    /s/ William A. Webster