IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LION OIL COMPANY                                                                                       PLAINTIFF

vs.                                             Civil No. 13-CV-1071

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, *et al.*                                                   DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion in Limine to Exclude Testimony or Evidence Relating to the Temporary and Partial Operation of the North Line in May 2012. ECF No. 156. Defendants have responded. ECF No. 159. Thus, the matter is ripe for the Court's consideration.

Plaintiff argues that in late May 2012, the Pipeline and Hazardous Materials Safety Administration ("PHMSA") provided temporary permission to EMPCo to move crude oil through certain segments of the North Line pipeline for the sole purpose of displacing crude trapped in the pipeline. According to Plaintiff, this temporary permission did not constitute a "restart" of the pipeline because it did not allow for a resumption of normal operations for the North Line following the rupture of that pipeline. Plaintiff states that this isolated transfer of crude oil was a prerequisite to the hydrostatic testing PHMSA required before restart of the pipeline. Plaintiff asserts that the probative value of any evidence regarding the temporary permission to operate certain sections of the North Line in late May 2012 for the sole purpose of displacing trapped crude is outweighed by the risk of unfair prejudice to Plaintiff and confusion to the jury. Thus, pursuant to Federal Rule of Evidence 403, Plaintiff moves the Court to prevent Defendants from introducing evidence of displacement of crude from the North Line in May 2012.

Defendants argue that PHMSA's approval provides evidence that the pipeline was capable of carrying oil in May 2012, and it was EMPCo's own business decisions regarding the hydrostatic testing of the pipeline that were the dominant and efficient cause of Plaintiff's loss. Further, Defendants disagree with Plaintiff's assertion that the sole purpose for the May 2012 restart was to displace trapped crude oil in the North Line because nothing in the PHMSA approval letter specifies its intended purpose or limits the pipeline's normal operations in any way.

The insurance policies at issue provide coverage where damage to property causes the failure of delivery of oil to the refinery. Plaintiff and Defendants disagree about when the pipeline was physically capable of carrying oil. Defendants also disagree with Plaintiff's assertion that the isolated transfer of crude oil was a PHMSA requirement for hydrostatic testing. The PHMSA approval letter for the May 2012 restart does not specify the intended purpose of the restart or limit the pipeline's normal operations in any way. There is probative value in PHMSA's approval relating to the restart of the North Line in 2012. The jury could infer from this evidence that the pipeline could have been restarted much sooner than it was and that EMPCo made a business decision to conduct hydrostatic testing. The Court is not convinced that the probative value of the evidence is substantially outweighed by a danger of unfair prejudice or confusion to the jury. Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**, this 20th day of October, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge